<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM CRAVEN, | : |
| Plaintiff, | : Civil Action No. 14-1860 (ES)(MAH) |
| v. | : MEMORANDUM |
| AMANDA LEACH, et al. | : OPINION & ORDER |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

### I.     INTRODUCTION

Before the Court is Plaintiff William Craven's appeal of Magistrate Judge Hammer's Order denying Plaintiff's motion for recusal or disqualification. (D.E. No. 17). For the reasons below, Plaintiff's appeal of Judge Hammer's order is DENIED.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff William Craven is a police officer residing in New Jersey who was involved in an investigation by Defendant Department of Child Protection and Permanency to determine whether his son had been abused or neglected. (D.E. No. 1, Complaint ("Compl.") at 3 ¶ 2).

Defendant Amanda Leach was the caseworker assigned to Plaintiff's case. (*Id.* at 4 ¶ 7). Defendant Amy Sampson was the supervisor assigned to oversee Ms. Leach's work. (*Id.*).

The investigation concerning Plaintiff was closed in February 2013, with no finding of abuse or neglect. (*Id.* at 5 ¶ 19).

Plaintiff alleges that, in the course of the investigation, Defendant Leach unlawfully disseminated confidential information contained in a New Jersey domestic violence report. (*Id.* at

4 ¶ 7). Plaintiff does not name the party to which Defendant Leach divulged the information, but contends that the party "was not at any time, privy to such confidential information involving myself." (*Id.*). He further alleges that Defendant Leach denied divulging information when Plaintiff confronted her, and that Defendant Sampson failed to take action after Plaintiff informed her of Defendant Leach's actions. (*Id.* at 4 ¶¶ 9, 12).

In addition, Plaintiff includes various allegations regarding the fairness and propriety of the investigation, including that Defendant Leach failed to interview individuals that Plaintiff referred to her, that Defendant Leach favored his ex-girlfriend, and that Defendant was treated as a man with anger issues for no reason. (*Id.* at 6 ¶¶ 25-26, 7).

As a result of Defendants' actions, Plaintiff argues that his employment was placed at risk and that he suffered an emotional and financial loss. (*Id.* at 6 ¶ 31, 7).

On March 24, 2014, Plaintiff sued Defendants Leach and Sampson several state agencies for negligence and constitutional violations pursuant to 42 U.S.C. § 1983. (*Id.* at 10-13).

On May 7, 2014, Plaintiff moved for an entry of default judgment as to Defendants Leach and Sampson. (D.E. No. 5). Though default was never technically entered by the Court, Defendants Leach and Sampson subsequently submitted a motion seeking to vacate default and to obtain an extension of time to answer. (D.E. No. 7).

Because default was never entered, Judge Hammer construed Defendants' motion as a motion for an extension of time to answer, which he granted on May 19, 2014. (D.E. No. 8). Accordingly, Defendant's motion to vacate was terminated. (D.E. No. 8; D.E. dated May 19, 2014).

On May 23, 2014, Plaintiff moved for the recusal of Magistrate Judge Hammer from this

case based on his May 19, 2014 Order, (D.E. No. 8), and other allegations of impartiality. (D.E. No. 11). Judge Hammer denied Plaintiff's motion for recusal on July 7, 2014. (D.E. No. 15).

Following that denial, Plaintiff filed a "motion to supplement his motion to alter or amend the judgment" on July 11, 2014, which contains additional arguments regarding the requested recusal of Judge Hammer. (D.E. No. 17). The Court thus construes Plaintiff's July 11, 2014 motion as an appeal of Judge Hammer's ruling denying recusal.

### III.   LEGAL STANDARD

Generally, a district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### IV.   DISCUSSION

Judge Hammer's order denying Plaintiff's motion for recusal was not clearly erroneous or contrary to law. Under 28 U.S.C. 455(a), "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Here, there is no indication that Judge Hammer's impartiality might reasonably be questioned.

Plaintiff chiefly argues that Judge Hammer should be recused because he granted Defendant Leach's motion for an extension of time to answer and terminated her motion to vacate the Clerk's entry of default judgment. (D.E. Nos. 17 at 3, 11 at 2; *see also* D.E. No. 8; D.E. dated

3

May 19, 2014). Specifically, Plaintiff argues that Judge Hammer's decision was improper because Defendant Leach's motion to vacate was properly before the undersigned, and not Judge Hammer. (D.E. Nos. 17 at 3, 11 at 2). In addition, Plaintiff argues that Judge Hammer is not impartial because he has connections to Morris County[1] and because he is "too quick" to side with Defendants. (D.E. No. 11 at 1-2).

As an initial matter, Judge Hammer's decision to grant Defendant Leach's an extension of time and to terminate her motion to vacate was proper and does not demonstrate impartiality. The Clerk's docket entry dated May 15, 2014 clearly states that Defendant Leach's motion to vacate default judgment was "REFERRED to Magistrate Judge Michael A. Hammer." Therefore, the motion was properly before Judge Hammer. The Court also does not find that Judge Hammer's order granting Defendant Leach an extension of time was in any way impartial. Judge Hammer noted in his order that the Third Circuit has expressed a preference for cases to "be decided on their merits," *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984). This weighs in favor of permitting Defendant Leach to answer, rather than granting Plaintiff's motion for default. Moreover, Judge Hammer concluded that there was "good cause shown" for permitting Defendant Leach to answer. Accordingly, there is no indication from Judge Hammer's Order that "his impartiality might reasonably be questioned." As the Third Circuit has clearly stated, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *SecuraComm Consulting, Inc. v. SecuraCom, Inc.*, 224 F.3d 273 (3d Cir. 2000).

---

[1] Plaintiff's argument that Judge Hammer's connections to Morris County render him impartial appears to be based in part on Plaintiff's assertion that the Defendants in this case are Morris County employees. (D.E. No. 11 at 1-2). The Court does not address the factuality of this assertion, but rather accepts it as true for the purpose of Plaintiff's motion.

4

Turning to Plaintiff's other arguments, the Court does not find any other reason to question Judge Hammer's impartiality. The Court disagrees that Judge Hammer's connections to the New Jersey U.S. Attorney's Office and law firms in Morris County are reasons to question his impartiality. Indeed, the Third Circuit has held that recusal is not warranted even where parties are *represented* by Judge's former law firms—connections that are far stronger than those asserted here. *See, e.g.*, *Cnty. of Hudson v. Janiszewski*, 351 Fed. App'x 662, 668 (3d Cir. 2009); *see also Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 236 (3d Cir. 2001). The Court thus finds that there is no evidence that Judge Hammer's impartiality might reasonably be questioned. As a result, Judge Hammer's decision not to recuse himself was not clearly erroneous or contrary to law.

## V.     CONCLUSION

**IT IS** on this 18th day of March 2015,

**ORDERED** that Plaintiff's appeal of Judge Hammer's order denying recusal, D.E. No. 17, is DENIED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

5